IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CODON DEVICES, INC.<br>One Kendall Square<br>Building 300, 3rd Flr.<br>Cambridge, MA 02139,<br><br>   Plaintiff,<br> v.<br><br>FEBIT BIOTECH GMBH<br>Im Neuenheimer Feld 519<br>D-69120 Heidelberg, Germany,<br><br>FEBIT FERRARIUS BIOTECHNOLOGY<br>GMBH<br>Kafertaler Strasse 190<br>D-68167 Mannheim, Germany,<br><br> and<br><br>FEBIT, GMBH<br>c/o Sterne, Kessler, Goldstein and Fox<br>1100 New York Avenue, N.W.<br>Washington, DC 20005,<br><br>   Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Codon Devices, Inc. ("Codon"), by and through its attorneys, alleges as follows:

### NATURE OF ACTION

1. This action is for a declaratory judgment that United States Patent No. 6,586,211 (the "'211 Patent") is invalid, unenforceable and not infringed by Codon.

1

## PARTIES

2. Codon is a Delaware corporation having its principal place of business at One Kendall Square, Building 300, Cambridge, Massachusetts.

3. Upon information and belief, Defendant febit biotech GmbH ("febit biotech") is a German corporation having its principal place of business at IM Neuenheimer Feld 519, Heidelberg, Germany, D-69120.

4. Upon information and belief, Defendant Febit Ferrarius Biotechnology GmbH ("Febit Ferrarius") is a German company having its principal place of business at Kafertaler Strasse 190, Mannheim, Germany, D-68167.

5. Upon information and belief, Defendant febit, GmbH ("febit, GmbH") is a foreign company having its last known address through its counsel and agent at Sterne, Kessler, Goldstein and Fox, 1100 New York Avenue, N.W., Washington, DC, 20005.

## JURISDICTION AND VENUE

6. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, and the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. Based on the allegations set forth in paragraphs 10 through 43, there is a conflict of asserted rights between the parties and an actual controversy exists between Codon and Defendants with respect to the ownership, infringement, validity, scope and enforceability of the '211 Patent.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Upon information and belief, no Defendant has designated with the United States Patent and Trademark Office ("PTO") a person residing in the United States on whom process or

notice of proceedings affecting the '211 Patent or rights thereunder may be served. Defendants are thus subject to personal jurisdiction in the District of Columbia under 35 U.S.C. § 293.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) and (d).

## BACKGROUND

10. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 9 hereof with the same force and effect as if fully set forth herein.

11. On December 6, 2006, an attorney from a law firm in Washington, D.C., proclaiming to represent febit, GmbH sent Codon a letter alleging that febit, GmbH owned the '211 Patent and "[i]t appears that it is difficult, if not impossible, for Codon Devices to operate as it does in the area of synthetic gene manufacturing without practicing one or more claims of febit's '211 patent." In that letter, febit, GmbH demanded that Codon immediately discontinue using the allegedly infringing methods.

12. On June 15, 2007, febit biotech filed suit against Codon in the U.S. District Court for the District of Delaware for infringement of the '211 Patent: *febit biotech GmbH v. Codon Devices, Inc.*, C.A. No. 07-385 (D. Del.) (the "Delaware Action").

13. Febit Ferrarius and febit, GmbH are not named as parties to the Complaint in the Delaware Action.

14. On June 18, 2007, the Chairman of the Board of febit biotech sent to a member of Codon's Board of Directors a letter alleging that Codon infringed "febit's intellectual property rights" and, thus, "febit" had commenced "legal action." The letter further stated that the Complaint in the Delaware Action had not been served and that the company "ha[d] 120 days for doing so." The letter demanded a "pre-emptive settlement."

15. On information and belief, febit biotech has not served on Codon the Complaint in the Delaware Action.

16. On information and belief, febit, GmbH, Febit Ferrarius and febit biotech are alter egos and/or agents of one another.

17. On information and belief, febit, GmbH may be a fictitious entity or an alias for Febit Ferrarius, febit biotech and/or another company.

## CONFLICTING CLAIMS OF OWNERSHIP

18. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 17 hereof with the same force and effect as if fully set forth herein.

19. Febit Ferrarius is the sole named assignee on the face of the '211 Patent.

20. On information and belief, Febit Ferrarius is also identified as the sole assignee of the '211 Patent on the assignment Abstract of Title for the '211 Patent ("Abstract of Title") on file with the PTO.

21. In its Complaint in the Delaware Action, febit biotech alleged that it, not Febit Ferrarius, "is the owner of the entire right, title and interest in and to U.S. Patent No. 6,586,211 B1."

22. On June 15, 2007, the same day febit biotech filed its Complaint, a "Report On The Filing Or Determination Of An Action Regarding A Patent Or Trademark" ("Report") was filed in the Delaware Action that identified Febit Ferrarius, not febit biotech, as the sole "Holder of Patent."

23. By letter dated December 6, 2006, counsel and agent for febit, GmbH alleged that febit, GmbH is "the owner" of the '211 Patent.

24. Thus, each Defendant has independently alleged that it is the sole owner of the '211 Patent. Accordingly, an apparent controversy exists among Defendants regarding which, if any, of febit biotech, Febit Ferrarius and/or febit, GmbH is the legal assignee and owner of the '211 Patent.

25. Codon wishes to be free from claims of infringement of the '211 Patent brought by any and all Defendants, regardless of which Defendant may be the legal assignee and owner of the '211 Patent. Based on the allegations set forth in paragraphs 26 through 43, any Defendant that may be the legal assignee and owner of the '211 Patent holds an invalid, unenforceable patent that Codon does not presently infringe and has not in the past infringed.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of the '211 Patent

26. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

27. In the Complaint in the Delaware Action, febit biotech claims that Codon infringes the '211 Patent.

28. In a letter dated December 6, 2006, febit, GmbH alleged that Codon infringes the '211 Patent.

29. Codon contends that it does not infringe the '211 Patent, regardless which Defendant, if any, is the assignee and owner of the '211 Patent.

30. Accordingly, an actual controversy exists between Codon and Defendants as to the infringement of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is

necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '211 Patent

31.  Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

32.  febit biotech claims that the '211 Patent is valid.

33.  febit, GmbH alleges that the '211 Patent is valid.

34.  Codon contends that the '211 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112, regardless which Defendant, if any, is the assignee and owner of the '211 Patent.

35.  Accordingly, an actual controversy exists between Codon and Defendants as to the validity of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Unenforceability of the '211 Patent

36.  Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

37.  febit biotech claims that the '211 Patent is enforceable.

38.  febit, GmbH alleges that the '211 Patent is enforceable.

39.  Codon contends that the '211 Patent is unenforceable by reason of inequitable conduct committed by Defendants, the named inventors of the '211 Patent, and/or their attorneys

(collectively and individually, the "Applicants") during prosecution of the '211 Patent before the PTO.

40. In particular, the Applicants failed to disclose to the PTO certain prior art and information material to the application for the '211 Patent, including United States Patent No. 5,755,942 (the "'942 Patent") and United States Patent No. 5,723,320 (the "'320 Patent"). The '942 Patent and '320 Patent are highly material to the subject matter claimed in the '211 Patent because, *inter alia*, each reference describes a system and method for parallel synthesis of a plurality of polymers using a microelectronic and fluidic array.

41. Upon information and belief, the Applicants had knowledge of the '942 Patent and '320 Patent prior to and during prosecution of the application for the '211 Patent and, upon information and belief, the Applicants failed to disclose these references with intent to deceive. The Applicants learned of the '942 Patent and '320 Patent from an International Search Report, dated May 11, 2000, for WO 00/13018, a foreign counterpart to United States Patent No. 7,097,974 to the same named inventors of the '211 Patent.

42. Despite the materiality of the '942 Patent and '320 Patent and the Applicants' knowledge of such reference prior to and during prosecution of the application for the '211 Patent, the Applicants did not disclose the '942 Patent and '320 Patent to the PTO. The '211 Patent is, therefore, unenforceable by reason of the Applicants' inequitable conduct.

43. By reason of the facts set forth in paragraphs 36 through 42, an actual controversy exists between Codon and Defendants as to the enforceability of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

**PRAYER FOR RELIEF**

WHEREFORE, Codon prays for judgment as follows:

A. Declaring that Codon has not, and does not, infringe, directly or indirectly, any valid and enforceable claim of the '211 Patent;

B. Declaring that the claims of the '211 Patent are invalid;

C. Declaring that the '211 Patent is unenforceable;

D. Declaring the true ownership of the '211 Patent;

E. Declaring that all Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Codon claiming that the '211 patent is valid, enforceable, or infringed, or from representing that Codon's products or services infringe the '211 patent;

F. Declaring this an exceptional case pursuant to 35 U.S.C. § 285, and awarding Codon its attorney fees, costs, and expenses; and

G. Awarding Codon such other and further relief as the Court may deem just and appropriate.

**JURY DEMAND**

Codon demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all disputed issues.

Dated: June 29, 2007

Respectfully submitted,

*[signature]*

Adam P. Strochak (D.C. Bar No. 439308)
WEIL, GOTSHAL & MANGES LLP
1300 Eye St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7000

Of Counsel:

Edward R. Reines (Cal. Bar No. 135960)
Nicholas A. Brown (Cal. Bar No. 198210)
Rip Finst (Cal. Bar No. 234478)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3100

*Counsel For Plaintiff*
*Codon Devices, Inc.*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CODON DEVICES, INC. | FEBIT BIOTECH GMBH<br>FEBIT FERRARIUS BIOTECHNOLOGY GMBH<br>FEBIT, GMBH |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Adam P. Strochak<br>Weil, Gotshal & Manges LLP<br>1300 I Street, N.W., Suite 900<br>Washington, D.C. 20005<br>(202) 682-7000 | ATTORNEYS (IF KNOWN)<br>Edward Kessler<br>Sterne, Kessler, Goldstein and Fox<br>1100 New York Avenue, N.W.<br>Washington, DC 20005<br>(202) 371-2600 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

◉ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☒ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 2201 and 2202-Plaintiff seeks declaratory judgment with respect to ownership, validity, scope, infringement, and enforceability of a patent.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☒    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE  June 29, 2007    SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.