IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CODON DEVICES, INC.<br>One Kendall Square<br>Building 300, 3rd Flr.<br>Cambridge, MA 02139,<br><br>   Plaintiff,<br>v.<br><br>FEBIT BIOTECH GMBH<br>Im Neuenheimer Feld 519<br>D-69120 Heidelberg, Germany,<br><br>FEBIT FERRARIUS BIOTECHNOLOGY GMBH<br>Kafertaler Strasse 190<br>D-68167 Mannheim, Germany,<br><br>  and<br><br>FEBIT, GMBH<br>c/o Sterne, Kessler, Goldstein and Fox<br>1100 New York Avenue, N.W.<br>Washington, DC 20005,<br><br>   Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Codon Devices, Inc. ("Codon"), by and through its attorneys, alleges as follows:

### NATURE OF ACTION

1. This action is for a declaratory judgment that United States Patent No. 6,586,211 (the "'211 Patent") is invalid, unenforceable and not infringed by Codon.

1

## PARTIES

2. Codon is a Delaware corporation having its principal place of business at One Kendall Square, Building 300, Cambridge, Massachusetts.

3. Upon information and belief, Defendant febit biotech GmbH ("febit biotech") is a German corporation having its principal place of business at IM Neuenheimer Feld 519, Heidelberg, Germany, D-69120.

4. Upon information and belief, Defendant Febit Ferrarius Biotechnology GmbH ("Febit Ferrarius") is a German company having its principal place of business at Kafertaler Strasse 190, Mannheim, Germany, D-68167.

5. Upon information and belief, Defendant febit, GmbH ("febit, GmbH") is a foreign company having its last known address through its counsel and agent at Sterne, Kessler, Goldstein and Fox, 1100 New York Avenue, N.W., Washington, DC, 20005.

## JURISDICTION AND VENUE

6. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, and the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. Based on the allegations set forth in paragraphs 10 through 43, there is a conflict of asserted rights between the parties and an actual controversy exists between Codon and Defendants with respect to the ownership, infringement, validity, scope and enforceability of the '211 Patent.

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

8. Upon information and belief, no Defendant has designated with the United States Patent and Trademark Office ("PTO") a person residing in the United States on whom process or

notice of proceedings affecting the '211 Patent or rights thereunder may be served. Defendants are thus subject to personal jurisdiction in the District of Columbia under 35 U.S.C. § 293.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) and (d).

## BACKGROUND

10. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 9 hereof with the same force and effect as if fully set forth herein.

11. On December 6, 2006, an attorney from a law firm in Washington, D.C., proclaiming to represent febit, GmbH sent Codon a letter alleging that febit, GmbH owned the '211 Patent and "[i]t appears that it is difficult, if not impossible, for Codon Devices to operate as it does in the area of synthetic gene manufacturing without practicing one or more claims of febit's '211 patent." In that letter, febit, GmbH demanded that Codon immediately discontinue using the allegedly infringing methods.

12. On June 15, 2007, febit biotech filed suit against Codon in the U.S. District Court for the District of Delaware for infringement of the '211 Patent: *febit biotech GmbH v. Codon Devices, Inc.*, C.A. No. 07-385 (D. Del.) (the "Delaware Action").

13. Febit Ferrarius and febit, GmbH are not named as parties to the Complaint in the Delaware Action.

14. On June 18, 2007, the Chairman of the Board of febit biotech sent to a member of Codon's Board of Directors a letter alleging that Codon infringed "febit's intellectual property rights" and, thus, "febit" had commenced "legal action." The letter further stated that the Complaint in the Delaware Action had not been served and that the company "ha[d] 120 days for doing so." The letter demanded a "pre-emptive settlement."

15. On information and belief, febit biotech has not served on Codon the Complaint in the Delaware Action.

16. On information and belief, febit, GmbH, Febit Ferrarius and febit biotech are alter egos and/or agents of one another.

17. On information and belief, febit, GmbH may be a fictitious entity or an alias for Febit Ferrarius, febit biotech and/or another company.

## CONFLICTING CLAIMS OF OWNERSHIP

18. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 17 hereof with the same force and effect as if fully set forth herein.

19. Febit Ferrarius is the sole named assignee on the face of the '211 Patent.

20. On information and belief, Febit Ferrarius is also identified as the sole assignee of the '211 Patent on the assignment Abstract of Title for the '211 Patent ("Abstract of Title") on file with the PTO.

21. In its Complaint in the Delaware Action, febit biotech alleged that it, not Febit Ferrarius, "is the owner of the entire right, title and interest in and to U.S. Patent No. 6,586,211 B1."

22. On June 15, 2007, the same day febit biotech filed its Complaint, a "Report On The Filing Or Determination Of An Action Regarding A Patent Or Trademark" ("Report") was filed in the Delaware Action that identified Febit Ferrarius, not febit biotech, as the sole "Holder of Patent."

23. By letter dated December 6, 2006, counsel and agent for febit, GmbH alleged that febit, GmbH is "the owner" of the '211 Patent.

4

24. Thus, each Defendant has independently alleged that it is the sole owner of the '211 Patent. Accordingly, an apparent controversy exists among Defendants regarding which, if any, of febit biotech, Febit Ferrarius and/or febit, GmbH is the legal assignee and owner of the '211 Patent.

25. Codon wishes to be free from claims of infringement of the '211 Patent brought by any and all Defendants, regardless of which Defendant may be the legal assignee and owner of the '211 Patent. Based on the allegations set forth in paragraphs 26 through 43, any Defendant that may be the legal assignee and owner of the '211 Patent holds an invalid, unenforceable patent that Codon does not presently infringe and has not in the past infringed.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of Noninfringement of the '211 Patent

26. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

27. In the Complaint in the Delaware Action, febit biotech claims that Codon infringes the '211 Patent.

28. In a letter dated December 6, 2006, febit, GmbH alleged that Codon infringes the '211 Patent.

29. Codon contends that it does not infringe the '211 Patent, regardless which Defendant, if any, is the assignee and owner of the '211 Patent.

30. Accordingly, an actual controversy exists between Codon and Defendants as to the infringement of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is

necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment of Invalidity of the '211 Patent

31. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

32. febit biotech claims that the '211 Patent is valid.

33. febit, GmbH alleges that the '211 Patent is valid.

34. Codon contends that the '211 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112, regardless which Defendant, if any, is the assignee and owner of the '211 Patent.

35. Accordingly, an actual controversy exists between Codon and Defendants as to the validity of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## THIRD CLAIM FOR RELIEF

### Declaratory Judgment of Unenforceability of the '211 Patent

36. Codon repeats and realleges each and every allegation contained in paragraphs 1 through 25 hereof with the same force and effect as if fully set forth herein.

37. febit biotech claims that the '211 Patent is enforceable.

38. febit, GmbH alleges that the '211 Patent is enforceable.

39. Codon contends that the '211 Patent is unenforceable by reason of inequitable conduct committed by Defendants, the named inventors of the '211 Patent, and/or their attorneys

6

(collectively and individually, the "Applicants") during prosecution of the '211 Patent before the PTO.

40.     In particular, the Applicants failed to disclose to the PTO certain prior art and information material to the application for the '211 Patent, including United States Patent No. 5,755,942 (the "'942 Patent") and United States Patent No. 5,723,320 (the "'320 Patent"). The '942 Patent and '320 Patent are highly material to the subject matter claimed in the '211 Patent because, *inter alia*, each reference describes a system and method for parallel synthesis of a plurality of polymers using a microelectronic and fluidic array.

41.     Upon information and belief, the Applicants had knowledge of the '942 Patent and '320 Patent prior to and during prosecution of the application for the '211 Patent and, upon information and belief, the Applicants failed to disclose these references with intent to deceive. The Applicants learned of the '942 Patent and '320 Patent from an International Search Report, dated May 11, 2000, for WO 00/13018, a foreign counterpart to United States Patent No. 7,097,974 to the same named inventors of the '211 Patent.

42.     Despite the materiality of the '942 Patent and '320 Patent and the Applicants' knowledge of such reference prior to and during prosecution of the application for the '211 Patent, the Applicants did not disclose the '942 Patent and '320 Patent to the PTO. The '211 Patent is, therefore, unenforceable by reason of the Applicants' inequitable conduct.

43.     By reason of the facts set forth in paragraphs 36 through 42, an actual controversy exists between Codon and Defendants as to the enforceability of the '211 Patent. Codon desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## PRAYER FOR RELIEF

WHEREFORE, Codon prays for judgment as follows:

A. Declaring that Codon has not, and does not, infringe, directly or indirectly, any valid and enforceable claim of the '211 Patent;

B. Declaring that the claims of the '211 Patent are invalid;

C. Declaring that the '211 Patent is unenforceable;

D. Declaring the true ownership of the '211 Patent;

E. Declaring that all Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Codon claiming that the '211 patent is valid, enforceable, or infringed, or from representing that Codon's products or services infringe the '211 patent;

F. Declaring this an exceptional case pursuant to 35 U.S.C. § 285, and awarding Codon its attorney fees, costs, and expenses; and

G. Awarding Codon such other and further relief as the Court may deem just and appropriate.

## JURY DEMAND

Codon demands a trial by jury, pursuant to Fed. R. Civ. P. 38(b), on all disputed issues.

Dated: June 29, 2007

Respectfully submitted,

/s/ Adam P. Strochak

Adam P. Strochak (D.C. Bar No. 439308)
WEIL, GOTSHAL & MANGES LLP
1300 Eye St. NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7000

Of Counsel:

Edward R. Reines (Cal. Bar No. 135960)
Nicholas A. Brown (Cal. Bar No. 198210)
Rip Finst (Cal. Bar No. 234478)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: 650-802-3000
Fax: 650-802-3100

*Counsel For Plaintiff*
*Codon Devices, Inc.*